Electronically Filed
Intermediate Court of Appeals
30460
29-AUG-2011
08:17 AM

NO. 30460

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOHN APELE KALUAU, III, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 09-1-0262K)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Reifurth, and Ginoza, JJ.)


Defendant-Appellant John Apele Kaluau, III, (Kaluau) appeals from the Judgment filed on March 22, 2010 in the Circuit Court of the Third Circuit[1] (circuit court).  A jury found Kaluau guilty of one count of Unauthorized Entry in a Dwelling, in violation of Hawaii Revised Statutes (HRS) § 708-812.6(1) (Supp. 2010), and five counts of Violation of an Order for Protection, in violation of HRS § 586-11 (2006 Repl. and Supp. 2008).

On appeal, Kaluau contends the circuit court erred in (1) admitting evidence of his prior conviction for abuse of Complainant, (2) precluding him from presenting his "Hawaiian Kingdom" evidence, and (3) denying his motion for judgment of acquittal on the Unauthorized Entry in a Dwelling count because

_____

[1] The Honorable Elizabeth A. Strance presided.

the State of Hawai'i (State) failed to prove he had entered or remained unlawfully in Complainant's dwelling.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Kaluau's appeal is without merit.

(1) Evidence of Kaluau's prior convictions for abuse of Complainant was not admitted to prove the character of Kaluau, and the jury was so instructed. Kaluau's convictions for abuse, based on his guilty pleas, were admitted to prove motive and intent as to his familiarity with and recognition of the authority of the State in prohibiting abuse or harassment of a family member, contrary to his Hawaiian sovereignty defense. There was no violation of Hawaii Rules of Evidence Rule 404(b) in the admission of this evidence. State v. Behrendt, 124 Hawai'i 90, 102-03, 237 P.3d 1156, 1168-69 (2010).

(2) The circuit court did not err in precluding Kaluau from introducing "Hawaiian Kingdom" evidence. The sovereignty of the State and its lawful jurisdiction over the inhabitants of the State is a matter of law that is well-established. State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004); see also State v. Lorenzo, 77 Hawai'i 219, 883 P.2d 641 (App. 1994). Moreover, Kaluau's reliance on State v. Souza, 119 Hawai'i 60, 193 P.3d 1260 (App. 2008), is misplaced. In Souza, this court applied a ruling by the United States Supreme Court that although the general rule is "ignorance of the law or mistake of law is no defense to a criminal prosecution," an exception has been carved out with regard to certain criminal *tax* offenses. Id. at 69, 193 P.3d at 1269 (citing to Cheek v. United States, 498 U.S. 192, 199-200, 111 S. Ct. 604, 609 (1991)). This exception is "due largely to the complexity of the tax laws." Souza, 119 Hawai'i at 69, 193 P.3d at 1269. In the instant case,

Kaluau was not charged with a criminal tax offense, and therefore Souza does not apply.

(3)  The circuit court did not err in denying Kaluau's motion for judgment of acquittal because "there was substantial evidence to support the conclusion" that Kaluau unlawfully entered or remained in Complainant's dwelling in violation of HRS § 708-812.6(1).  State v. Arakawa, 101 Hawai'i 26, 61 P.3d 537, 542-43 (App. 2002).

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on March 22, 2010 in the Circuit Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawai'i, August 29, 2011.

On the briefs:

Jeffrey A. Hawk
(Hawk Sing Ignacio & Waters)
for Defendant-Appellant.

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3